## Case No. 1,578.

### BLUNT v. LITTLE.

[3 Mason, 102.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1822.

MALICIOUS PROSECUTION — ADVICE OF COUNSEL— EVIDENCE—DAMAGES.

1. In an action for a malicious civil prosecution, the advice and opinion of counsel as to there being a good cause of action given before the commencement of the suit is admissible evidence; but not if given afterwards.

2. But such evidence of the advice and opinion of counsel is not evidence, unless it be shown what the statement of facts was, which was laid before them for their advice and opinion.

3. No suit can be maintained for a malicious prosecution, unless there be both a want of probable cause for the prosecution and also

[1] [Reported by William P. Mason, Esq.]

malice in the party. Malice may be inferred from want of probable cause.

[Cited in U. S. v. Taylor, Case No. 16,442; Arkansas Val. Land & Cattle Co. v. Mann, 130 U. S. 73, 9 Sup. Ct. 459.]

[4. Where damages are excessive, the court may allow plaintiff to remit the excess.]

[Cited in Wiggin v. Coffin, Case No. 17,624; Northern Pac. R. Co. v. Herbert, 116 U. S. 647, 6 Sup. Ct. 590; Arkansas Val. Land & Cattle Co. v. Mann, 130 U. S. 73, 9 Sup. Ct. 459.]

[5. The granting of a new trial because of a verdict awarding excessive damages rests in the discretion of the court, and may be done if it clearly appears that the jury have committed a gross error, or have acted from improper motives, or have given damages excessive in relation to the person or the injury.]

[Cited in Alsop v. Commercial Ins. Co., Case No. 262.]

Case for maliciously arresting the plaintiff and holding him to bail in a civil action, in the sum of $10,000. Plea not guilty. At the trial the jury found a verdict for the plaintiff and $2,000 damages. [Heard on motion for new trial.]

In the course of the trial, which involved very complicated transactions, the deposition of Samuel Fessenden, Esq., was offered on behalf of the defendant, to prove, that he had advised, that a certain award, which, if good, was a bar to the defendant's right of action, was erroneous, and would not be sustained upon trial. But it not appearing, that such advice was given before the defendant commenced his suit, nor that any statement of the facts was laid before Mr. Fessenden for his opinion, the court thought the deposition inadmissible.

The cause was argued at the trial, by Hooper for the defendant, who now moved for a new trial upon various grounds, filed in support of the motion, all of which however upon breaking the cause were abandoned, except two. 1. That the deposition of Mr. Fessenden was erroneously rejected. 2. That the damages were excessive.

Upon these points Hooper (with whom Webster was now joined) argued in support of the motion, and Spooner and Prescott against it.

STORY, Circuit Justice. It was most clearly established at the trial, that the defendant had no just cause of action to support the arrest, on which the present suit is founded. The award, on the setting aside of which the defendant could alone pretend to maintain his action, was at that time in litigation in another suit, and its validity has since been supported by the supreme court of Massachusetts against every objection; and so far as the merits were brought before this court upon the recent trial, they appeared to be unequivocally in favor of Blunt. Indeed no one could reasonably doubt, that under the circumstances, the arrest of the plaintiff, by the order of the defendant's agent, was a rash and precipi-

tate measure, and, to say the least of it, might well be deemed oppressive. If, however, the defendant (for he adopted the acts of his agent) acted with good faith, and under a mistake of his rights, and intended no wanton and malicious prosecution, the jury were expressly told, that the plaintiff, in the present suit, was not entitled to recover. They were farther told, that two things must concur to maintain the present suit; 1. That there must be no probable cause of action; 2. That the suit, and the arrest consequent on it, must be malicious: That if either of these grounds failed, the plaintiff, however aggrieved, was entitled to no remedy: That if there was probable cause for the suit, however malicious it might be, the defendant could not be found guilty; and on the other hand, if there was not probable cause, and yet the circumstances excluded all notion of malice, the same was the legal conclusion: That express malice, however, was not necessary to be proved; that it might be, and ordinarily was, inferred from the want of probable cause: That a malicious prosecution or arrest, in the sense of the law, did not necessarily import that the party acted from base passions, such as revenge and gross malignity: But if the party wilfully and wantonly made an arrest, when he knew or believed he had no just or probable cause of action, with the design to take undue advantage of the other party's situation, and in point of fact, there was no probable cause of action, such an arrest was malicious and sufficient to support the present action. The authorities cited at the bar fully supported this doctrine; and indeed it was conceded at the trial to be correct. See 3 Esp. 33; 1 Ld. Raym. 374; 1 Salk. 13; 1 Wils. 232; 1 Term. R. 493; 1 Bos. & P. 388; 2 Bos. & P. 129; Hob. 267; 2 Phil. Ev. 116; 2 Selw. N. P. p. 806, c. 27.

Several grounds have been suggested in favor of the motion for a new trial in the written application. I pass over those, which have been abandoned at the argument, with the single remark, that they incorrectly state the opinion of the court, and proceed upon a mistake of its reasoning at the trial. The points now insisted on are: 1. That the deposition of Mr. Fessenden was erroneously rejected. 2. That the damages are excessive.

One ground of the rejection of Mr. Fessenden's deposition was, that it did not appear, that his advice or counsel was. given previously to the commencement of the suit, and unless it was so given, the court did not perceive how it could legally conduce to prove probable cause of action, or the absence of malice. Another ground was, that it did not appear, that a full, or indeed that any statement of the material facts was laid before him, so that he could form an exact judgment of the controversy. Upon farther reflection I think both grounds are maintainable: but it is sufficient if either can be supported.

It is certainly going a great way to admit the evidence of any counsel, that he advised a suit upon a deliberate examination of the facts, for the purpose of repelling the imputation of malice, and establishing probable cause. My opinion however is, that such evidence is admissible, although it is sometimes open to the objections stated in Hewlett v. Cruchley, 5 Taunt. 277. But it appears to me, that a necessary qualification of the admission is, that it should appear in proof, that the opinion of counsel is fairly asked upon the real facts, and not upon statements, which conceal the truth or misrepresent the cause of action. If the law were otherwise, nothing would be more easy than to shelter the most malicious prosecution under the opinion of counsel, honestly given, but under a total mistake of the facts. Probable cause of action, in the opinion of counsel, must depend upon the facts, which are brought before him; and if the whole facts, which are material to form such opinion, are not presented to his mind, how can the court say, that he has given any opinion as to the true cause of action? In Hewlett v. Cruchley, Id., the court thought, that if the statement of facts laid before counsel was incorrect, his opinion founded thereon was no defence, and there are even intimations in that case, that such an opinion, given upon a full statement of the facts, would not of itself repel the imputation of malice.

Then as to the other ground, I think it ought not to be permitted to any person, after the commencement of his suit, to repel the imputation of malice or prove probable cause, by subsequently getting the opinions of counsel in his favor. What would this be, but to encourage unfounded suits, and to enable parties to get rid of the effects of their own misconduct by matters ex post facto? What constitutes probable cause of action is, when the facts are given, matter of law, upon which the court are to decide; and it cannot be proper to introduce certificates of counsel to establish what the law is. If the party acts upon the advice of counsel, however mistaken, in commencing his suit, and is honestly misled, there is some ground to excuse his act. But when he has gone on without such advice, and in point of law has no probable cause of action, it is, I think, conceding too much to allow the subsequent opinion of counsel to change the legal rights of the parties. No case has been cited, in which such a principle has been admitted; and I am persuaded none such exists.

As to the question of excessive damages, I agree, that the court may grant a new trial for excessive damages. So far as the. contrary doctrine may be supposed to be maintained by Duberley v. Gunning, 4 Term R. 651, it has been qualified or overturned in Chambers v. Caulfield, 6 East, 244, and Hewlett v. Cruchley, 5 Taunt. 277. It is indeed an exercise of discretion full of delicacy and difficulty. But if it should clearly appear that

the jury have committed a gross error, or have acted from improper motives, or have given damages excessive in relation to the person or the injury, it is as much the duty of the court to interfere, to prevent the wrong, as in any other case. In the present case, there were many aggravated circumstances, and certainly the defendant had no cause of action. It appeared to me at the trial, a strong case for damages; at the same time, I should have been better satisfied, if the damages had been more moderate. I have the greatest hesitation in interfering with the verdict, and in so doing, I believe that I go to the very limits of the law. After full reflection, I am of opinion, that it is reasonable, that the cause should be submitted to another jury, unless the plaintiff is willing to remit $500 of his damages. If he does, the court ought not to interfere farther.

The plaintiff remitted the damages. Motion overruled.