ALDRIDGE *v.* CHURCHILL.

MALICIOUS PROSECUTION.—In a suit for malicious prosecution it is competent for the defendant to prove that he made a fair presentation of the facts to an attorney who advised the prosecution. But a refusal to allow proof of the mere fact that an attorney was consulted, was held not to be error.

APPEAL from the *Posey* Circuit Court.

GREGORY, J.—*Churchill* sued *Aldridge* for malicious prosecution. The defendant answered by the general denial.

Trial by jury. Verdict for the plaintiff. Motion for a new trial overruled. The evidence is in the record.

*Aldridge,* in an affidavit filed before a justice of the peace, charged *Churchill* with perjury. In the trial of a civil action, in which the latter was plaintiff and the former was defendant, *Churchill* had testified that he had worked for *Aldridge* from the 15th of *March,* (the day after the former moved on the farm of the latter,) until the 29th of *June,* 1865, less fourteen days for loss of time. The perjury charged was that in truth the former had only worked for the latter from the 22d of *March* to the 29th of *June,* less fourteen days for loss of time. In the course of the trial, *Aldridge* offered to prove, as the bill of exceptions states, "by Mr. *Duckworth,* what inquiry the defendant *Aldridge* made of him in reference to the time of *Churchill* moving to defendant's farm, and also what information the witness gave to the defendant *Aldridge* in answer to such inquiry." The court refused to allow the inquiry to be made, and the defendant excepted; and this is one of the alleged errors of law occurring at the trial, for which a new trial was asked. It does not appear by the offer of defendant, or otherwise, what the information given to the defendant by *Duckworth* was. To rebut malice, it was competent to show the information the defendant had touching the perjury charged; but to make the error complained of available, it ought to appear that the defendant was injured by the action of the court.

The defendant further offered to prove, on the trial, that he consulted counsel before commencing the prosecution for perjury against *Churchill,* to which the plaintiff objected, and the court sustained the objection and ruled out the evidence, to which the defendant excepted; and this was one of the errors of law relied on in the motion for a new trial. It was competent for the defendant to show that before he commenced the prosecution against *Churchill,* he had made a fair presentation of the facts to an attorney, and that the attorney had advised the prosecution; but the

mere fact that he had consulted an attorney would have
been of no avail to the defendant. The record fails to
show that the appellant was injured by the error com-
plained of.

The judgment is affirmed, with costs.

W. *Harrow*, J. F. *Welborn*, S. E. *Perkins*, H. B. *Saylor*,
and L. *Jordan*, for appellant.