## SCOTTEN *v.* LONGFELLOW.

PRACTICE.—*Assignment of Error.*—Where an amended complaint has been filed, an assignment of error based on a ruling upon a demurrer to the original complaint presents no question for review.

MALICIOUS PROSECUTION.—*Evidence.*—In an action for malicious prosecution, it is incompetent for the defendant, for the purpose of showing probable cause, to prove by one of the grand jurors who investigated the charge preferred (for which the accused was, at the time of such investigation, under recognizance), that the grand jury, after investigating the case, deliberated for some time before agreeing to return "no bill," and that eight of the jurors were in favor of finding an indictment.

SAME.—*Advice of Counsel.*—In order for the advice of counsel to afford pro-
tection against an action for malicious prosecution, it must be given upon a
full and true statement of the facts within the knowledge of the person seek-
ing the advice, and it must be acted on in good faith, for an honest purpose;
and if the person seeking such advice purposely, or carelessly and negligently,
fails to give such full statement, the advice of counsel will not afford protec-
tion.    It is not necessary that the person seeking such advice should be
grossly negligent in his statement of facts to render him liable.

SAME.— *Want of Probable Cause.—Pleading.* — In an action for malicious
prosecution, an allegation of the "falsity of the charge" is not equivalent to
an allegation of "the want of probable cause." The guilt or innocence of
the party is not the gist of the action.    Probable cause may exist in the ab-
sence of guilt, and the material allegation in sustaining the action is "the want
of probable cause."

APPEAL from the Wayne Circuit Court.

BUSKIRK, J.—The complaint in this action charges that
the appellant, on the 28th day of January, 1870, falsely, ma-
liciously, and without probable cause, filed his written affi-
davit with and before one Thomas W. Bennett, Esq., who
was then mayor of the city of Richmond, in said county,
deposing and charging in said affidavit that the plaintiff and
one Phœbe Longfellow had been and were guilty of the
crime of forgery, in unlawfully, feloniously, and falsely forg-
ing and counterfeiting a certain written instrument, with the
intent then and there to defraud one William W. Foulke;
that the defendant, on the day and year last aforesaid, falsely,
maliciously, and without any reasonable or probable cause,
caused and procured the said Thomas W. Bennett, Esq.,
then being Mayor as aforesaid, and who had lawful authority
so to do, to issue and grant his certain warrant for the ar-
rest of the said plaintiff and the said Phœbe Longfellow;
that on the day and year last aforesaid, under and by virtue
of said warrant, the said defendant wrongfully, unjustly, ma-
liciously, and without any reasonable or probable cause,
caused and procured the said plaintiff to be arrested by his
body, and to be imprisoned, and kept and detained in prison,
and deprived of his liberty, for the space of five hours, and
until he and the said Phœbe gave bond and security to the
acceptance of said mayor, in the penal sum of five hundred

Scotten *v.* Longfellow.

dollars, for their appearance in the Wayne Criminal Court, to answer said charge; that the said plaintiff was not guilty of said charge; that the said charge was, in every respect, false and malicious; that the grand jury, at the February session, 1870, of the said criminal court, having failed to find any indictment against the plaintiff for said supposed crime, he was by said court discharged from said recognizance; and that said charge and prosecution were wholly ended.

Damages were claimed in the sum of five thousand dollars.

The appellant answered by the general denial.

The cause was submitted to a jury for trial, and resulted in a verdict for the plaintiff.

The court overruled a motion for a new trial and rendered judgment on the verdict, and the appellant excepted.

The appellant has assigned for error the action of the court in overruling the appellant's demurrer to the second paragraph of the complaint, and his motion for a new trial.

The first assignment of error presents no question for our decision. The original complaint contained three paragraphs. The first and second were for libel, and the third for malicious prosecution.

The appellant demurred to each paragraph, and among other causes for a misjoinder of causes of action. The court sustained the demurrer to the first and third paragraphs, and overruled it to the second. Thereupon the plaintiff asked and obtained leave to file an amended complaint. The court then ordered the plaintiff to separate his causes of action, and to have the same docketed separately. Thereupon the plaintiff filed the complaint heretofore set out. The appellant did not demur to the amended complaint, but answered by the general denial. The second paragraph of the original complaint, to which the demurrer was overruled, ceased to be a part of the record in this cause when the plaintiff filed the amended complaint under the order of the court requiring the separate causes of ac-

tion to be separately docketed. No error can be assigned on such ruling in this cause.

We are next to inquire and determine whether the court erred in overruling appellant's motion for a new trial.

The first reason assigned for a new trial was the exclusion of competent and material evidence offered by the appellant. The bill of exceptions shows what had been proved by the appellee and what was offered to be proved by the appellant; and that the question may be fairly presented, we copy the entire bill of exceptions, which is as follows:

"Be it remembered, that on the 23d day of November, 1870, the same being the ninth judicial day of adjourned August term of the Wayne Civil Circuit Court, the above entitled cause came on for hearing and trial before said court and jury; and that during the trial of said case, and after the plaintiff had closed his evidence in chief, and had rested his case, and who had proved that he had been arrested by one William Zimmerman, a marshal of the city of Richmond, in said county of Wayne, and State of Indiana, on said charge of forgery, on a warrant issued by the mayor of said city of Richmond, on the affidavit made by said defendant, and by said mayor recognized to the Wayne Criminal Court to answer an indictment for said alleged crime of forgery, and that the plaintiff was discharged by said criminal court, without any indictment having been found against him for said crime of forgery.

"The defendant, at the proper time, called and introduced on the witness stand one David Nordyke, a competent witness, and by which witness the defendant proposed and offered to prove the following facts, for the purpose of showing that the defendant had probable cause in causing the plaintiff's arrest upon said charge of forgery, and also for the further purpose of rebutting and disproving any inference of malice or malicious motive on the part of the defendant, in causing the arrest of the plaintiff, as aforesaid; that is to say, the defendant offered and proposed to prove by said witness, David Nordyke, that he was a member of the grand

jury in said criminal court that investigated said alleged charge of forgery against said plaintiff; and that said grand jury, after having spent considerable time in hearing evidence upon and investigating said charge of forgery against said plaintiff, held the same under deliberation and consideration for the space of one week, before said grand jury felt warranted in finally disposing of said charge of forgery, without returning an indictment against said plaintiff for the crime of forgery, as charged by said defendant. Secondly, said defendant also proposed and offered to prove by said witness, David Nordyke, that when said charge of forgery and the investigation of the same were finally disposed of by said grand jury, eight of the members thereof were in favor of returning a bill of indictment against said plaintiff for forgery, as charged by the defendant. To the introduction of which evidence plaintiff objected, on the ground that it was not competent and proper for defendant to prove said facts, and which objection the court sustained, and excluded said evidence."

It is shown by the above bill of exceptions, that the witness Nordyke, whose evidence was excluded, was one of the grand jurors who investigated the charge of forgery preferred against Longfellow by Scotten, for which this action was brought. The defendant, for the purpose of proving probable cause, proposed to prove by said Nordyke that the grand jury, after investigating the case, deliberated for some time before agreeing to return "no bill;" that eight of the grand jurors were in favor of finding an indictment.

Was the evidence excluded competent?

A verdict of guilty is conclusive evidence of probable cause. *Parker* v. *Farley*, 10 Cush. 279. And it has been held that the return of a "true bill" by the grand jury is presumptive evidence. *Brown* v. *Griffin*, Chev. 32. Some authorities hold it competent for the defendant to prove that the jury who tried the cause deliberated and entertained doubts, before returning a verdict of acquittal. 2 Stark. Ev. 916. This principle, however, is usually stated

with great qualifications. Hilliard on Torts, states the law as follows:

"Sec. 28. It has been held, that if the jury in the former trial entertained sufficient doubts upon the evidence, to induce them to pause before returning a verdict of acquittal, this is sufficient evidence of probable cause. The principle, however, is usually stated with great qualification. And in late cases it has been distinctly decided, that the opinion of the jury on the former trial is not material; and that, although an action cannot be maintained unless the plaintiff has been fully acquitted, and a *nolle prosequi* is not sufficient, the plaintiff is not bound to prove that he was acquitted by the jury, promptly, without hesitation, delay, or deliberation." 1 Hilliard Torts, 456. The late cases referred to by Hilliard are *Hibberd* v. *Charles*, 2 Fost. & F. 126; *James v. Phelps*, 11 Adolphus & Ellis, 483, and the same case is reported in 39 Eng. Com. Law, 150; *Bacon* v. *Towne*, 4 Cush. 217; *Parker* v. *Farley*, 10 Cush. 279. The authorities referred to seem to sustain the position assumed by Hilliard, but that precise question does not arise in the record, and we decide nothing on that point, and have only referred to the question because counsel have referred to and strongly relied upon the old doctrine as laid down in *Smith* v. *Macdonald*, 3 Espinasse, 7, which is the oldest case on the point, as supporting the proposition that the evidence offered and rejected was legal and competent.

But whatever reasons may be given in favor of proving the opinions and deliberations of petit jurors and examining magistrates, none can be given in reference to grand jurors. When a cause is heard before an examining magistrate or a petit jury, the accused has the constitutional right to be "heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor." In such a trial, the facts are fully investigated. The parties are represented by counsel. The jurors are aided by the instruc-

Scotten *v.* Longfellow.

tions of the court. But investigations before a grand jury are secret and *ex parte.* The accused cannot be present in person or represented by counsel. No exculpatory evidence can be heard. There can be no cross examination of the witnesses on behalf of the State. It is earnestly and gravely maintained by the counsel for appellant, that the fact that the grand jury hesitated as to the finding of an indictment may be proved to show probable cause.

Such a proposition is most unreasonable. If the facts and circumstances within the knowledge of the prosecutor at the time when the charge was made were such as to induce an honest belief in the mind of a "prudent and reasonably intelligent man" that there was probable guilt, they can be proven at the trial, when both parties can be heard, upon an issue directly formed, involving the precise question of reasonable cause.

It would be most unjust to hold that one person may wrongfully, wickedly, and falsely charge another with a crime, have him arrested, seal his lips, go before a grand jury, and falsely and corruptly testify, and thereby cause the grand jury to hesitate as to the finding of an indictment, or induce some of the jurors to vote in favor of finding an indictment; and when he is sued for instituting and maintaining a malicious prosecution, permit him to prove that the grand jury hesitated, or that some of them were in favor of finding an indictment, for the purpose of proving that he had probable cause for instituting and maintaining such a prosecution. The object of the law is to punish men for their false and malicious accusations, but the effect of the rule contended for would be to encourage malicious prosecutions. In our opinion, the court committed no error in excluding the evidence of Nordyke.

It is next insisted that the court erred in the giving of the 12th instruction to the jury. The instruction is in these words: "If the evidence shows, prior to the commencement of the prosecution, the defendant took the advice of his legal counsel; that he laid before him all the facts of the case, and he

was advised by his counsel that the evidence made out a case of forgery against the plaintiff, and if the defendant, acting under such advice, honestly brought, or caused the prosecution to be brought, this would amount to probable cause; but if the defendant maliciously acted upon his own previous intention to prosecute the plaintiff, commenced said prosecution, the advice of his counsel cannot afford probable cause; or, if the defendant purposely, or carelessly and negligently, failed to give his counsel a truthful or a full statement of the facts, the advice of such counsel cannot afford probable cause."

The exception is to the latter portion of the charge. It is maintained by the counsel for appellant, that the advice of counsel will afford protection unless the person seeking such advice was grossly negligent in stating the facts. We are of a different opinion. We think the court went quite as far as the law will justify, in telling the jury that the misstatement of facts must have been purposely, carelessly, or negligently made.

In order for the advice of counsel to afford protection, it must be given upon a full and true statement of the facts within the knowledge of the person seeking the advice, and must be acted upon in good faith for an honest purpose. *Aldridge* v. *Churchill*, 28 Ind. 62; 5 Taunt. 277; *Kendrick* v. *Cypert*, 10 Humph. 291; *Stevens* v. *Fassett*, 27 Maine, 266; *Blunt* v. *Little*, 3 Mason, 102; *Wills* v. *Noyes*, 12 Pick. 324; *Ash* v. *Marlow*, 20 Ohio, 119; *Munns* v. *Dupont*, 3 Wash. C. C. 31; *Bliss* v. *Wyman*, 7 Cal. 257; *Potter* v. *Seale*, 8 Cal. 217; *Fisher* v. *Forrester*, 33 Penn. St. 501; *Davenport* v. *Lynch*, 6 Jones N. C. 545; *Walter* v. *Sample*, 25 Pa. St. 275; *Hall* v. *Suydam*, 6 Barb. 83; *Baldwin* v. *Weed*, 17 Wend. 224.

In *Stevens* v. *Fassett, supra*, it was said: "It is however insisted, that he had the opinion of a counsellor at law, that the acts of the plaintiff were in violation of law, and therefore that there was probable cause for the prosecutions. It is true, that if a person with an honest wish to ascertain whether certain facts will authorize a suit or a criminal prose-

cution, and he lays all such facts before one learned in the law, and solicits his deliberate opinion thereon, and the advice obtained is favorable to the suit or prosecution, which is thereupon commenced, it will certainly go far, in the absence of other facts, to show probable cause, and to negative malice. But if it appears, that he withheld material facts, within his knowledge, or which, in the exercise of common prudence, he might have known; or if it appears, that he was influenced by passion or a desire to injure the other party, and especially if he received from another, learned in the law, whose counsel he sought, advice of a contrary character upon the same question, the opinion, which he invokes in defence, ought not to avail him, and it is well understood that it cannot be a protection."

We are of the opinion that the appellant has no cause to complain of the instruction given.

It is next objected by appellant, that the fifth instruction given by the court was erroneous. It is as follows: "In regard to the falsity of the charge, if the evidence shows that the plaintiff was recognized to the Wayne Criminal Circuit Court to answer said charge, and that the grand jury who investigated the charge failed to find an indictment, and the judge of said court discharged the plaintiff from said charge, it is *prima facie* evidence of the falsity of the charge; and if the plaintiff has established all of the balance of the material allegations in his complaint, he should recover in this action."

It was alleged in the complaint, that the plaintiff was innocent of the crime with which he had been accused. We are not required to decide whether the averment was necessary or not. The fifth instruction was intended to apply to such averment. If the averment was unnecessary, the instruction, if incorrect, was harmless. If the averment of innocence had to be proved, then the instruction was correctly given, and must be sustained if it contained a correct enunciation of the law. The substance of the instruction was, that the failure of the grand jury to find an indictment,

and the consequent discharge by the court, afforded *prima facie* evidence of the falsity of the charge. The counsel for appellant seem to regard "the falsity of the charge" to be the same thing as "the want of probable cause." We do not think so. The guilt or innocence of the party charged is not the gist of the action. Probable cause may exist in the absence of guilt. *Hays* v. *Blizzard*, 30 Ind. 457. The falsity of the charge and probable cause are very different things. The instruction complained of did not go to the question of probable cause.

It is said by Hilliard on Torts, vol. 1, p. 458, that "while an action for malicious prosecution cannot be maintained, without proof that the former prosecution or action has terminated in favor of the present plaintiff, it is somewhat questionable, upon the authorities, whether the record of such termination is of itself even *prima facie* evidence of the want of probable cause. The weight of authority seems to be that it is not."

We concur in the conclusion arrived at by Mr. Hilliard, and think it is sustained by reason and on authority. As long as courts hold that a conviction is conclusive evidence of probable cause, and the discharge by an examining magistrate is *prima facie* evidence of the want of it, they must, to be consistent, hold that a final termination in favor of the accused is at least *prima facie* evidence against the accuser, of the want of such cause. But be this as it may, it does not affect the charge under consideration, as that only went to the falsity of the accusation. The jury were told that all the other material allegations in the complaint must be proved, and one of the most material was the want of probable cause. The evidence and the remainder of the instructions not being in the record, we will presume that the jury were properly charged as to the question of probable cause, and that the verdict accords with the evidence.

We have been unable to find any error in the record.

The judgment is affirmed, with costs.

*L. C. Walker* and *C. B. Walker*, for appellant.

*W. A. Peelle*, *J. H. Popp*, and *H. C. Fox*, for appellee.