HEARD APRIL TERM, 1879.

CASE No. 730.

CARSON WARREN v. D. P. LAGRONE AND J. H. LAGRONE, EXECUTORS OF JACOB LAGRONE.

1. Where personal property has been converted and sold, an action lies either for damages for the conversion, or for the recovery of the proceeds of sale.
2. An order from a subordinate military officer of the United States army forbidding interference with certain cotton "except in due and proper form," and an order from the commanding general in Georgia, relating

to matters in his own department, are not within the terms or c ontem
plation of "An act to grant rights. vested under military orders," ap⁻
proved September 22d, 1868.   *Gen. Stat.* 506.

3.  Exceptions cannot be taken after verdict rendered.

4.  This court cannot consider grounds of appeal based solely upon surmise
and conjecture, as to the data upon which the jurors arrived at their con-
clusion.

5.  Under motion for new trial on the minutes upon the ground of excessive
damages, the Circuit judge has power to order a new trial to be had,
unless the plaintiff enter a *remittitur* for a certain specified amount.

Before CARPENTER, J., at Edgefield, April, 1876.

This was an action of *assumpsit*. brought by the plaintiff in
1866, against Jacob Lagrone, for the value of certain cotton.
The defendant dying after action brought, it was revived
against his executors.    Plaintiff then filed an amended com-
plaint, demanding judgment for $3765, for nineteen bales of cot-
ton, and for $2922.80, for sixteen bales of cotton.   The demands
were set forth rather in the form of a declaration with several
counts, one on a *quantum meruit*, another on account stated, &c.
The defendants accepted service of this amended complaint on
March 16th, 1870, in words following: "We accept service of
amended complaint, and waive all irregularities as to additional
cause of action."   The defendants set up two sealed notes in dis-
count.    Also that plaintiffs' claim had been adjudicated in 1865
by the military authorities, as appeared by the following papers:

EDGEFIELD C. H., S. C., August 10th, 1865.

Whereas, it has appeared to my satisfaction that Jacob La-
grone, a citizen of this district, is entitled to the unmolested pos-
session and sale of a certain lot of cotton claimed to have been
purchased by Carson Warren, also a citizen of this district:

It is hereby ordered that the said Warren refrain from any
interference with the said Lagrone, or his agents, or the cotton
in dispute between them, except in due and proper form; and
that if he does so interfere he will lay himself liable to arrest
and punishment.        (Signed)

Witness:                      L. W. METCALF,

M. C. BUTLER.                  *Captain 33d U. S. C. T.*

D. P. LAGRONE.             *Commanding Post Edgefield, S. C.*

HEADQUARTERS, DEPART. OF GEORGIA,
Augusta, August 31st, 1865.

The cotton sold by Lagrone, which had previously been sold to Warren, will be delivered to Simons, to whom Lagrone sold it. Dr. Lagrone called on me some four weeks since, and stated all the facts in this case, and I advised him to sell the cotton.           (Signed)

JAMES B. STEADMAN,
*Major-General Com.*

At the trial plaintiff introduced testimony to show the purchase of the cotton by him from Lagrone, and the price of cotton in 1865, and its sale by Jacob Lagrone. Defendants moved for a non-suit, upon the ground that the action should have been trespass or trover, and not *assumpsit.* The motion was refused and defendants excepted. The defendants offered in evidence the papers set forth in their answer together with statement of Capt. Metcalf; his Honor ruled them inadmissible, and defendants excepted. The defendants introduced testimony to show that the cotton belonged to Jacob Lagrone at the time he sold it. They also proved their notes.

The jury found a verdict in favor of plaintiff for $5933.82.

Defendants moved for a new trial on the minutes, upon the following grounds:

1. Because his Honor erred in overruling the motion of defendants' counsel for a non-suit, made upon the grounds that the testimony in behalf of plaintiff showed that the action was improperly brought; that the action should have been trespass or trover, and not *assumpsit;* and in allowing the plaintiff to go to the jury upon the pleadings as presented.

2. Because it is respectfully submitted his Honor the presiding judge erred in not allowing full force and effect to the act of the general assembly of this state, entitled an "Act to quiet rights vested under military orders." approved and ratified on the 22d day of September, A. D. 1868; the defendants' testator, Jacob Lagrone, having under and by virtue of the military orders of Capt. L. W. Metcalf, 33d U. S. colored troops, then stationed at Edgefield C. H., and the orders of Major-General

James B. Steadman, stationed at Augusta, Ga., against rights which were intended to be, and were, as defendants submit, quieted and determined by said orders; and in not allowing full force and effect to said orders issued in August, 1865.

3. Because his Honor erred, as it is respectfully submitted, in not instructing the jury upon the evidence that the said testator having acted in the alleged conversion and sale of the cotton in question, under and by virtue of the said military orders, he should not have been held accountable either for the cotton, its value, or for interest from the date of the alleged conversion and sale.

4. Because his Honor erred in his instructions to the jury that they should allow interest from the date of the alleged conversion, whereas interest, if allowed at all, should have been allowed only from the date of the demand by plaintiff, and no demand was proved.

5. Because the jury, in arriving at their verdict, regarded the alleged contract for the purchase of the cotton as having been made with reference to confederate currency as a basis of value, whereas there was no proof to justify such a conclusion, but on the contrary there was positive and direct proof, uncontradicted and unimpeached, that said contract was made with reference to gold and silver.

6. Because the testimony showed that the value of the cotton alleged to have been converted, at the date of the alleged conversion, was twenty-one and one-half cents per pound; and the jury erred in estimating said cotton at said time at thirty-five cents per pound.

7. Because, it is respectfully submitted, the jury erred in disregarding the testimony that established the fact that the contract between plaintiff and defendants' testator was rescinded previously to said alleged conversion, inasmuch as the cotton was not to be delivered until paid for, and no tender of payment was ever made.

8. Because it is respectfully submitted that his Honor erred in charging the jury, as matter of law, that the contract had not been rescinded, instead of charging that there was testimony to

show that the contract had been rescinded, and tending to show that defendants' testator had a right to sell the cotton.

9. Because the verdict of the jury was excessive, oppressive, not warranted by the law and evidence, and contrary to the law and evidence.

The order upon the motion for a new trial is as follows:

1. It is ordered that the motion in arrest of judgment and all the grounds for new trial are overruled, except the ground as to excessive damages.

2. That the ground as to excessive damages be sustained.

3. That said motion for a new trial be and the same is hereby granted, unless the plaintiff within thirty days from the date hereof remit on the record the sum of $2975.82 of the verdict, as of the date thereof, in which case said motion is dismissed, without costs.

The defendants appealed to this court from so much of this order as—

1. Overrules the motion in arrest of judgment, and all the grounds of new trial, except the ground as to excessive damages.

2. As denies the motion for a new trial, in case the plaintiff, within thirty days from the date of said order, remits on the record the sum of $2975.82 of the verdict, as of the date thereof.

*Mr. L. F. Youmans*, attorney-general, for appellant.

*Messrs. M. W. Gary* and *E. B. Gary*, for respondent.

May 5th, 1879. The opinion of the court was deliverd by

HASKELL, A. J. The first ground of appeal is that the Circuit judge erred in overruling a motion on the part of the defendants for a non-suit, made upon the ground that the testimony in behalf of the plaintiff showed that the action should have been trespass or trover, and not *assumpsit*.

The action was commenced in 1866, under the form of practice which existed prior to the adoption of the code of proced-

ure. The pleading, as presented in the " case," contains the writ and an " amended complaint," upon which is the following endorsement: " We accept service of the amended complaint, and waive all irregularities as to the additional cause of action," dated March 16th, 1870, and signed by the attorneys for the appellants.

The complaint seems to have been again amended under an order of court, bearing date June 8th, 1874, and the cause was tried in 1876. This court is unable to perceive that the motion would have been sustained even under the former rules of pleading. It was optional with the plaintiff to sue for the proceeds of the sale of cotton, or for damages for the conversion thereof. The first would be an action of *assumpsit* for money had and received to the use of the plaintiffs, the second would be trover. The difference would have been in the rule by which the damages should be measured. But the fact is that the greater part of the proceedings and the trial took place after the adoption of the code, " and the rules by which the sufficiency of the pleadings is to be determined are those prescribed by this code of procedure." *Gen. Stat.* 604, § 163.

The amended complaint which is before us contains beyond question the requisites prescribed by Section 165. The motion for a non-suit was, therefore, properly refused.

For a second ground of appeal it is alleged that the judge erred " in not allowing full force and effect to the act of the general assembly of this state, entitled ' An act to grant rights vested under military orders," approved September 22d, 1868. *Gen. Stat.* 506.

It is enough on this point to say that the military orders to which reference is made, do not purport to adjudicate any rights as to the ownership of the cotton, nor are they in other respects within the provisions of the act. One is an order from a subordinate officer forbidding Warren from interfering with cotton in possession of Lagrone, " except in due and proper form," while the other is an order issued by the officer commanding in the department of Georgia, and relates to transactions in that state. Neither comes within the terms or contemplation of the act, and, therefore, no question as to the force and effect of the act is before us.

The third, fourth and eighth grounds of appeal charge the judge with error of law in his instructions to the jury. The case, as made out by the appellants, shows no exceptions to the charge.of the judge, and such exceptions cannot be taken after a verdict has been had. The third, fourth and eighth points are, therefore, not properly before this court, and need not be considered, though, perhaps, it may be as well to say that so far as is disclosed by the case, such exceptions, if they had been properly taken, would not have been of any avail to the appellants.

The fifth, sixth and seventh grounds are based solely upon surmise and conjecture as to what were the motives and reasons by which the jurors may have been influenced in arriving at their conclusion. Such suggestions may properly have been presented to the mind of the Circuit judge when he was considering the motion for a new trial, but they cannot come up on appeal, and, therefore, as to them the appeal must be dismissed.

The only remaining question in the case is raised by appeal from the order which determined that the damages were excessive, and granted a new trial, *unless* the plaintiff, within thirty days from the date hereof, remit on the record the sum of $2975.82 of the verdict, as of the date thereof, in which case said motion (for new trial) "is dismissed, without costs."

The appeal is from that part of the order which allows the plaintiff to remit the amount in excess, and thereby prevent a new trial being had.

It is well settled that this court has no power to review or correct the findings of fact in a trial by jury. *Const., Art. IV.,* § 4. But it is provided that "the judge who tries the cause may, in his discretion, entertain a motion to be made on his minutes to set aside a verdict and grant a new trial upon exceptions, or for *insufficient evidence,* or for *excessive damages." Gen. Stat.* 636, § 288; *vide,* also, act of 1868, *Gen. Stat.* 497, § 4. From the decision of the Circuit judge on such motion, based upon error in fact, as for insufficient evidence or for excessive damages, there is no appeal. The Circuit Court, therefore, in such respect, is a court of final resort, and, except where specially directed by constitutional or statutory provisions, is to be governed in its proceedings by the principles of law and the rules of practice

which were of force and applicable to courts in the exercise of similar power prior to the adoption of the constitution in 1868. The practice of the Court of Appeals prior to 1868, before which court such motions were then heard, is too well settled to require more than a mere reference to the volumes of the reports of the adjudicated cases. In the case of *Laney* v. *Bradford,* 4 *Rich. L.* 2, the court, per Wardlaw, J., says: "These considerations induce the court to impose, upon the grant of a new trial in this case, extraordinary terms required by an extraordinary conjuncture of circumstances. The discretion of the court in imposing conditions upon the grant of a new trial may always be exercised according to the exigency of the case." A new trial was thereupon granted *nisi.* In *Parker* v. *Walker,* 12 *Rich.* 138, the court, per O'Neall, J., says: "Having thus the means of correcting the verdict and doing justice between the parties, we will pursue that course. A new trial is therefore granted, unless the plaintiff shall, within sixty days after notice of this order, enter upon the record a *remittitur* of so much of the verdict as shall exceed twenty-nine dollars and seventy-five cents." See, also, *Walters et al.* v. *McGirt et al.,* 8 *Rich.* 287; *Dotterer* v. *Bennett,* 5 *Rich.* 295; *Guerry* v. *Kerton,* 2 *Rich.* 507; *Farrand* v. *Bouchell, Harper* 83. In fact, it requires but a glance at the authorities to show that where the proper limit of the damages was legally ascertainable, it was the common practice to grant the order *nisi.* 3 *Graham & Waterman on New Trials* 1162.

If the Circuit judge is empowered to grant a new trial because he considers the damages excessive, it is absolutely necessary to presume that he is able to fix damages which would not be excessive. If the plaintiff sees proper to reduce the verdict to that amount, no one can complain—most assuredly not the defendant.

If the plaintiff had obtained leave to remit before the defendant moved for new trial, the motion would rest, not upon the verdict as it had been, but as it was when the motion was made. The court certainly can grant leave to the plaintiff to do that which he could have done as of course on his own motion. The moment the reduction is made, the reason for a new trial has ceased to exist. The plaintiff in this case has remitted the amount, and the order of the Circuit judge stands, dismissing

the motion. We have no doubt of the power on the part of the Circuit judge to attach conditions to an order granting a new trial, and base such conclusion upon the reasons already given. From this decision there is no right of appeal.

The law is well expressed by Gray, J., in the following language: "Such a motion, so far as it depends upon the weight of evidence or other matter of fact, is exclusively addressed to the discretion of the presiding judge. When the damages awarded by the jury appear to the judge to be excessive, he may either grant a new trial absolutely or give the plaintiff the option to remit the excess or a portion thereof, and order the verdict to stand for the residue. *Lambert* v. *Craig*, 12 *Pick.* 199; *Hurry* v. *Watson*, 4 *T. R.* 659, *note; Blunt* v. *Little*, 3 *Mason* 102; *Doyle* v. *Dixon*, 97 *Mass.* 208.

The judgment must be affirmed.

Motion refused.

Willard, C. J., and McIver, A. J., concurred.