UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

G. M. GARRETT REALTY,
INCORPORATED; GREG GARRETT,
Individually,

    *Plaintiffs-Appellees,*

v.

CENTURY 21 REAL ESTATE
CORPORATION,

    *Defendant-Appellant.*

No. 00-1747

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-99-841)

Argued: January 24, 2001

Decided: August 28, 2001

Before NIEMEYER and KING, Circuit Judges, and
David A. FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

### COUNSEL

**ARGUED:** Ellen Ruth Lokker, HOGAN & HARTSON, L.L.P.,
Washington, D.C., for Appellant. Thomas E. Lacheney, DEAL &

LACHENEY, P.C., Richmond, Virginia, for Appellees. **ON BRIEF:** Christopher L. Killion, HOGAN & HARTSON, L.L.P., Washington, D.C., for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Century 21 Real Estate Corporation ("Century 21") appeals a jury verdict against it and in favor of G.M. Garrett Realty, Inc. ("Garrett Realty"). For the reasons adduced below, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

I.

In July of 1994, Century 21 and Garrett Realty entered into a five-year franchise agreement under which Garrett Realty was allowed to use the Century 21 name in return for a percentage of Garrett Realty's gross revenues. On February 4, 1999, Century 21 sent to Garrett Realty a notice of intent to terminate the franchise agreement, citing failure to pay certain fees owed under the franchise agreement. On February 22, 1999, Century 21 sent to Garrett Realty a notice of termination of the franchise agreement. Garrett Realty did not recognize the attempted termination and continued operating under the Century 21 name. The franchise agreement expired by its own terms on May 31, 1999.

In April of 1999, Garrett Realty sued Century 21 in the United States District Court for the Eastern District of Virginia, alleging a breach of the franchise agreement by wrongful termination and a breach of the Virginia Retail Franchising Act ("VRFA") by termination of the franchise agreement without reasonable cause. Garrett Realty admitted in its complaint that it did owe certain monies to Cen-

tury 21, but alleged that the amount owed was less than the amount claimed by Century 21. Century 21 counterclaimed for trademark infringement and breach of contract. The jury found for Garrett Realty on the principal claim and awarded damages in the amount of $56,836.05; the jury found against Century 21 on the counterclaims. After the verdict was returned, Century 21 moved, under Rule 50(b), for judgment as a matter of law on all counts, and the trial court denied the motion. The trial court granted Garrett Realty's motion for attorney fees under the VRFA and the franchise agreement.

## II.

Century 21 frames four issues on appeal: (1) Was the jury's finding that Century 21 unreasonably terminated its franchise agreement with Garrett Realty incorrect as a matter of law in view of the fact that the jury also found Garrett Realty owed Century 21 money at the time of termination? (2) Was the jury incorrect in awarding damages to Garrett Realty, given that Garrett Realty continued to operate as a Century 21 franchisee until the expiration of the agreement by its own terms? (3) Was the jury incorrect in refunding certain fees Garrett Realty paid after the notice of termination? and (4) Did the jury give inappropriate credits to Garrett Realty in determining the amount Garrett Realty owed Century 21?

## A.

We turn first to the question of whether the jury incorrectly found that Century 21 unreasonably terminated its franchise agreement with Garrett Realty. At the close of all the evidence, Century 21 moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) on the VRFA unreasonable termination claim, citing the fact that the uncontroverted evidence showed that Garrett Realty owed Century 21 monies due under the franchise agreement. J.A. at 608. Century 21 argued then, as it does now, that the admission on Garrett Realty's part that some fees were owed provides reasonable cause for termination of the franchise agreement as a matter of law. The trial court denied the motion and submitted the claim to the jury. After the jury found for Garrett Realty on this claim, Century 21 renewed its motion pursuant to Rule 50(b) on the same grounds, and the motion was again denied. J.A. at 703-04.

We review a district court's denial of a Rule 50(b) motion for judgment as a matter of law de novo. *See Konkel v. Bob Evans Farms, Inc.*, 165 F.3d 275, 279 (4th Cir. 1999). The question here is a purely legal one: will any failure to pay fees due under a franchise agreement support a franchisor's termination of that agreement without violating the VRFA?

The provision at issue is Virginia Code § 13.1-564, which provides, in pertinent part, that "[i]t shall be unlawful for a franchisor to cancel a franchise without reasonable cause." The parties have not offered, nor has this court found, a reported interpretation of the reasonableness requirement of the Virginia statute.

The trial court instructed the jury that, "in determining . . . whether there was reasonable cause, you may also consider whether there was a genuine dispute as to the amount owed," as there was in this case. J.A. at 688-89. Century 21 objected to this instruction. J.A. at 640. However, Century 21 did not offer any legal basis for the objection and does not now contest the propriety of the instruction.

There was ample evidence before the jury to indicate that Garrett Realty disputed the amount owed to Century 21, that Garrett Realty continued to pay certain sums to Century 21 during the term of the franchise agreement, and that Garrett Realty engaged in continued negotiations with Century 21 to determine the correct amount owed. The court finds no legal error in the jury's finding that Century 21 did not have reasonable cause to terminate the franchise agreement. The flaw in Century 21's argument is that it equates "reasonable cause" with "any cause." Failure to pay disputed fees may represent a cause for termination, but the court finds no error in the jury's determination that Century 21's termination was unreasonable.

### B.

The final three issues framed by Century 21 in essence ask the court to find that the jury's award of damages was not supported by sufficient evidence. Century 21 moved at the close of plaintiff's case in chief for judgment as a matter of law on the issue of plaintiff's damages pursuant to Rule 50(a)(1), arguing that no evidence of damages had been presented. J.A. at 608-10. Century 21 did not, however,

renew the damages element of this motion pursuant to Rule 50(b) immediately after the return of the verdict. J.A. at 703-04. On the tenth judicial day after the entry of judgment against it, Century 21 did file a "Motion for Remittitur of Judgment." *See* District Court Docket Sheet, doc. # 59.

The federal courts have a longstanding practice of resolving excessive verdicts through conditioning the denial of a Rule 59 motion upon the acceptance by the plaintiff of a remittitur in a stated amount. *See, e.g.*, Wright, Miller & Kane, 11 Federal Practice and Procedure § 2815 (2d ed. 1995); *Linn v. United Plant Guard Workers of America, Local 114*, 383 U.S. 53, 65-66 (1966); *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 305 (4th Cir. 1998). Though Century 21 failed to cite any provision of the Federal Rules of Civil Procedure in its initial motion, later filings indicate that Century 21 viewed the motion as one to alter or amend the judgment under Rule 59(e). *See* "Century 21 Real Estate Corporation's Reply to Plaintiff's Objection to Century 21's Motion for a Remittitur," District Court Docket Sheet # 66. There is no specific provision for a remittitur under the Federal Rules of Civil Procedure, but the practice has long been approved as an alternative to a new trial. Justice Story, writing as a Circuit Judge in *Blunt v. Little*, 3 Fed. Cas. 760 (C.C.D. Mass. 1822), apparently first employed the remittitur, and the practice has been in use ever since. *See* 11 Wright, Miller & Kane, *Federal Practice and Procedure*, § 2815 (2d ed. 1995). Under the practice, the trial court does not order the damage award reduced; the court gives the plaintiff the option of accepting a reduced amount or trying the case over. A remittitur is therefore, in every case where it is employed, an alternative to a new trial which the court may order under Rule 59(a). It would seem, therefore, that Century 21's characterization of its Motion for Remittitur as a motion to alter or amend the judgment under Rule 59(e) is inappropriate. The trial court denied the motion for remittitur.

Because Century 21 moved under Rule 50(a) for a directed verdict at the close of the evidence, the court may still review the sufficiency of the evidence supporting the award. *See Benner v. Nationwide Mutual Ins. Co.*, 93 F.3d 1228, 1234 (4th Cir. 1996). However, Century 21's failure to renew the damages elements of that motion pursuant to Rule 50(b) limits this court's remedial power to vacating the judgment and remanding. *See id.* Our review of the Rule 50 motion

is, as noted above, de novo. *See Konkel v. Bob Evans Farms, Inc.*, 165 F.3d 275, 279 (4th Cir.), *cert. denied*, 528 U.S. 877 (1999). However, on such a motion, we are constrained to view the evidence in the light most favorable to the prevailing party at trial and to draw all reasonable inferences in that party's favor. *See id.* Insofar as Century 21 contested the damages award in its motion for remittitur which it characterized as a Rule 59(e) motion, the court reviews denial of that motion for abuse of discretion. *See Temkin v. Frederick County Best Section End Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991). If the motion for a remittitur is viewed as a motion for a new trial under Rule 59(a) on the ground that the verdict is excessive, the standard for review is, again, abuse of discretion. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294 (4th Cir. 1999), *Konkel v. Bob Evans Farms, Inc.*, 165 F.3d at 280.

The jury awarded Garrett Realty $56,836.05 plus actual attorney's fees. J.A. at 35. The jury verdict form sets Garret Realty's damages at this amount through the following notation: "$50,000, plus $46,357.89 net of $39,521.84 due to Century 21 for franchise fees through 2/99." J.A. at 35. It appears to the court that the jury determined Garrett Realty's actual damages to be $96,375.89 and then awarded to Century 21 a setoff of $39,521.84 for certain franchise fees it determined that Garrett Realty owed to Century 21 but had not paid ($50,000 + $46,375.89 - $39,521.84 = $56,854.05). The only element of the jury's calculation addressed in Century 21's Rule 59(e) motion is the $46,375.89 figure. *See* "Memorandum in Support of Century 21 Real Estate Corporation's Motion for Remittitur of Judgment," District Court Docket Sheet # 60.

The court begins by reviewing the record for substantial evidence to support the jury's finding that Garrett Realty's actual damages were $96,375.00.

The transcript reveals little evidence of damages sustained by Garrett Realty as a result of Century 21's conduct. The court finds only one reference to direct losses sustained by Garrett Realty. That reference occurs in the testimony of Garrett Realty's accountant, Glen Moschler, who testified during rebuttal as follows:

> Q:   After you were terminated, after your franchise was terminated by Century 21 on February 22nd, 1999, the

period after that, and we can only talk about March, April and May, did Greg Garrett Realty make any profit?

A:  No.

Q:  Did you have sales?

A:  We had sales, yes.

Q:  Then how did you not make any profit?

A:  Well, we had a lot of expenses, a lot of new expenses. We had to change, go through the process of changing the way we did business, and a lot of our energy was directed toward changing our name.

. . . .

Q:  Do you have any idea how much money you lost in those three months?

A:  $30,000, $40,000, $50,000, probably.

J.A. at 642-43.

In closing argument, plaintiff's counsel argued that Garrett Realty paid Century 21 roughly $50,000 after the February notice of termination and requested that Garrett Realty be refunded that amount. J.A. at 658. The $46,357.89 figure that the jury entered on the verdict form matches the total of all checks tendered to Century 21 by Garrett Realty during 1999 as calculated on a chart by Garrett Realty's expert. However, there was no evidence adduced at trial to suggest that this amount corresponded to damages incurred by Garrett Realty.

Therefore, it appears to the court that the largest award of damages that can be sustained on the evidence adduced at trial is $50,000.00. This figure is based solely on the testimony of Glen Moschler. This testimony is slender proof on which to base an award of damages. However, Century 21 offered no competing evidence, and, after view-

ing the evidence in the light most favorable to the prevailing party and drawing all reasonable inferences in its favor, the court finds, without weighing the evidence or considering credibility, that this testimony supports a jury award of $50,000 in favor of Garrett Realty. Ample evidence exists to support the jury's apparent determination that Garrett Realty owed fees to Century 21 of $39,521.84. However, the court finds no evidence to support the remainder of the jury award to Garrett Realty. Because no evidence exists in the record to support the $46,357.89 figure as a measure of damages sustained by Garrett Realty, the court finds that the trial court's denial of Century 21's Rule 59 motion was an abuse of discretion.

From the foregoing analysis, we conclude that the jury's total award is excessive insofar as it exceeds the amount of $10,478.16 ($50,000-$39,521.84). If there is no evidence to support a portion of the verdict, the duty of the trial court is to require a remittitur or order a new trial. Similarly, when a reviewing court concludes that a verdict is excessive, it is that court's duty to require a remittitur or order a new trial. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 305 (4th Cir. 1998). Accordingly, we vacate the damages award and remand for a new trial unless Garrett Realty agrees to a remittitur reducing the $56,836.05 damages award to $10,478.16.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*